UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOEL MORANT,<br>Plaintiff | : <br> : <br> : | |
| | : | No. 3:19-cv-1791 (VLB) |
| v. | : <br> : | |
| JAMES E. MCPHERSON<br>Secretary of the Navy,<br>Defendant. | : <br> : <br> : <br> : <br> : <br> : | April 24, 2020 |

## ORDER GRANTING [DKT. 34] DEFENDANT'S MOTION FOR VOLUNTARY REMAND TO THE BOARD OF CORRECTION OF NAVAL RECORDS FOR RECONSIDERATION

Joel Morant, a veteran of the United States Marine Corps, brought this action against the Secretary of the Navy, now James E. McPherson,[1] challenging the Board for Correction of Naval Record's (the "Board") decision to deny him a discharge upgrade from "Other Than Honorable" to "Honorable" and failing to change the narrative reason for discharge and various separation codes. [Dkt. 1 (Compl.)]. Mr. Morant argues that the Board's decision violated the Administrative Procedures Act and the Due Process Clause of the Fifth Amendment to the United States Constitution. The Secretary now moves to remand this matter for rehearing by the Board because the Board's failure to consider the "Kurta Memo" was a legal error. [Dkt. 34 (Def. Mot. for Remand) at 1]. Mr. Morant consents to the motion. [Dkt.

---

[1] Secretary James E. McPherson is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

1

35]. For reasons set out below, the Court GRANTS the Secretary's Motion for Voluntary Remand to the Board for reconsideration.

## Background

### I.  Plaintiff's service history and PTSD diagnosis

Mr. Morant served in Operation Desert Storm and was stationed in Kuwait where he witnessed casualties and experienced psychological trauma attendant to war. [Dkt. 1 (Compl.) ¶¶ 40-50]. He had difficulty readjusting upon his return from Kuwait and acted recklessly by using drugs and alcohol, speeding, writing bad checks, and was absent without leave from his duty station. [*Id.* ¶¶ 51-53]. Consequently, on March 17, 1993, he was discharged from the Marines with an "Other Than Honorable" characterization of service. [*Id.* ¶ 54]. The narrative reason given for his separation was "MISCONDUCT DUE TO A PATTERN OF MISCONDUCT AND DRUG ABUSE." [*Ibid.*]. At the time, the Marines did not evaluate Mr. Morant for Post-Traumatic Stress Disorder ("PTSD"). [*Id.* ¶ 53].

Beginning in 2013, Mr. Morant was diagnosed and treated for PTSD by Dr. David R. Johnson, Associate Clinical Professor at the Yale University School of Medicine and co-director of the Post Traumatic Stress Center in New Haven, Connecticut. [*Id.* ¶¶ 57-60]. Dr. Johnson opined that Mr. Morant was suffering from PTSD upon his return from Kuwait and that his PTSD caused the behavior that resulted in his discharge. [*Id.* ¶¶ 59-60].

### II.  Department of Defense Policy Changes

In recognition that, PTSD was historically misunderstood and infrequently diagnosed, and, in many cases diagnosed only years after the trauma occurred,

2

then Secretary of Defense Chuck Hagel issued a memorandum entitled "Supplemental Guidance to Military Boards for Correction of Military/Naval Records Considering Discharge Upgrade Requests by Veterans Claiming Post Traumatic Stress Disorder," https://www.secnav.navy.mil/mra/bcnr/Documents/HagelMemo.pdf, (Sept. 3, 2014) ("Hagel Memo").

The Hagel Memo instructed the service branches' boards reviewing military records to give "special" or "liberal" consideration to applications from veterans diagnosed with PTSD and to consider PTSD and PTSD-related conditions as "potential mitigating factors in the misconduct that caused" a lesser characterization than "Honorable." *Ibid*. The Hagel Memo also directed the Board to timely consider such petitions and to liberally waive any time limits that may have prevented their review. *Ibid*.

Following the Hagel Memo, two supplemental memos were promulgated by Department of Defense undersecretaries. First, Principle Deputy Under Secretary of Defense Brad Carson issued a memorandum on February 24, 2016 waiving the statute of limitations and granting de novo review for covered cases. ("Carson Memo"). Then, on August 25, 2017, Undersecretary of Defense Anthony Kurta issued a memo providing supplemental guidance, expanding upon the Hagel Memo with examples of relevant evidence and providing four questions to be posed when assessing whether the veteran's PTSD mitigated the circumstances of the discharge. ("Kurta Memo")

### III. The Board's Decision

Following the Hagel Memo, on July 2, 2016, Mr. Morant filed an application for a discharge upgrade with the Board. [Dkt. 1 (Compl.) ¶ 61]. The Board reviewed Mr. Morant's application on August 28, 2017, three days after the Kurta Memo was promulgated. [Dkt. 1, Ex. A. (Board Decision) at 2]. In its written decision dated November 20, 2017, the Board found that a discharge upgrade was warranted based on Mr. Morant's PTSD. [*Id.* at 4]. Although the Board upgraded Mr. Morant's discharge from "Less Than Honorable" to "General," the Board declined to grant an "Honorable" discharge or amend the narrative and separation codes. [*Ibid.*]. The Board reasoned that Mr. Morant's PTSD was a mitigating factor, but he nevertheless engaged in the misconduct, which was varied in its nature and frequency. [*Ibid.*]

### Legal Standard

The decisions of the boards for correction of military records are subject to judicial review. *See Chappell v. Wallace*, 462 U.S. 296, 303 (1983). Under the Administrative Procedures Act, the court may "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

"It is widely accepted that an agency may, on its own initiative, reconsider its interim or even its final decisions, regardless of whether the applicable statute and agency regulations expressly provide for such review." *Dun & Bradstreet Corp. Found. v. U.S. Postal Serv.*, 946 F.2d 189, 193 (2d Cir. 1991). An agency's authority

to reconsider its own decision is not limitless and must balance the "desirability of finality against the general public interest in attaining the correct result in administrative cases." *Id.* at 193-194 (citing generally *Civil Aeronautics Board v. Delta Air Lines, Inc.*, 367 U.S. 316 (1961).

Specifically, as *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010) explains: "courts have recognized that voluntary remand is generally appropriate (i) when new evidence becomes available after an agency's original decision was rendered, *see, e.g., Ethyl Corp. v. Browner*, 989 F.2d 522, 523 (D.C.Cir. 1993) (granting an agency's motion for voluntary remand where the agency admitted that new evidence developed that undermined the stated basis for its action), or (ii) where "intervening events outside of the agency's control" may affect the validity of an agency's actions. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001)."

These conditions are not exclusive, and courts retain the discretion to remand an agency decision when an agency has raised "substantial and legitimate" concerns in support of remand. *See Sierra Club v. Antwerp*, 560 F.Supp.2d 21, 23 (D.D.C. 2008) (citing cases). Granting voluntary remand in such circumstances is appropriate, as it preserves scarce judicial resources by allowing agencies "to cure their own mistakes." *Ethyl Corp.*, 989 F.2d at 524."

Still, an agency's request for remand may be denied if the request is frivolous, in bad faith, or would be futile. *See Bradley v. Spencer*, No. 3:17-CV-

5

495(RNC), 2019 WL 1567838, at *2 (D. Conn. Apr. 11, 2019) (citations and quotations omitted).

## Analysis

Here, the "Navy admits that the BCNR failed to apply the final Kurta Memo to Plaintiff's case due to the fact that the Board met to consider Plaintiff's petition on the business day following the signing [and effective date] of the Kurta Memo." [Dkt. 34 (Def. Mot. for Voluntary Remand) at 8]. Mr. Morant submitted a supplemental brief addressing the Kurta Memo to the Board on September 26, 2017, after the Board met in August, but before the written decision was issued in November. [*Ibid.*]. The Board's decision states that it applied the Kurta Memo, but the Secretary concedes that the administrative record does not confirm that this is true, and counsel cannot be certain that the Kurta Memo was correctly applied. [*Id.* at 7-8].

The Secretary identified and conceded the legal error early in the litigation, less than two months after the administrative record was filed and before any motion practice. Mr. Morant consents to remand and is entitled to reconsideration by the agency. [Dkt. 35 (Pl. Notice of Consent)]. There has been no argument raised or evidence of bad faith by the agency. As such, the equitable considerations at issue warrant granting the Secretary's Motion to Remand.

6

## Conclusion

For the above stated reasons, the Court GRANTS the Secretary's consented-to motion for voluntary remand to the Board for Correction of Naval Records. [Dkt. 43]. The Clerk is directed to enter judgment for the Plaintiff and close this matter.

                                        IT IS SO ORDERED

                                    _____/s/_____

                                    Hon. Vanessa L. Bryant
                                    United States District Judge

**Dated at Hartford, Connecticut: April 24, 2020**